RECEIVED

JUN 1 0 2020

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| ARTHUR ROUSSEAU, )<br><br>   Plaintiff, )<br><br>v. )<br><br>ALABAMA COMMUNITY<br>COLLEGE SYSTEM, )<br><br>   Defendant. ) | CASE NO. _____<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

**COMES NOW** the Plaintiff, Arthur Rousseau, by and through the undersigned counsel of record, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1.     Mr. Rousseau files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act and 42 U.S.C. § 1201, et seq., to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2.     Mr. Rousseau filed a charge of race discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in Birmingham, Alabama on December 10, 2019.  Plaintiff received a right-to-sue on March 16, 2020, giving Mr. Rousseau the right to pursue this claim in federal court for 90 days after said receipt.  (Exhibit A).

3.     Venue is proper in the Northern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Montgomery County, Alabama.

## II. PARTIES

4.     The named Plaintiff, Arthur Rousseau (hereinafter "Plaintiff" or "Mr. Rousseau"), is a citizen of the United States and a resident of Elmore County, Alabama. Mr. Rousseau is over the age of nineteen years.

5.     The Defendant, Alabama Community College System (hereinafter "Defendant" or "ACCS"), is a public body corporate of the State of Alabama. At all times relevant to this complaint, Plaintiff was employed, and continues to be employed, by Defendant.

## III. STATEMENT OF FACTS

6.     Mr. Rousseau is a Caucasian male.

7.     Mr. Rousseau began working for ACCS in February 2016 as the Assistant Director for Career & Technical Education ("CTE"). In this position Mr. Rousseau was responsible for curriculum writing, managing the Perkins program for ACCS, training instructors in adult education principles and trainings deans and directors of career technology programs in program management.

8.     On or about December 5, 2016, Gene Dudley, Director of CTE, retired and Mr. Rousseau began working 60 to 70 hours per week as a result of the department being undermanned. Shortly thereafter, on May 1, 2017, Mr. Rousseau was promoted to Director of CTE. In this position, he was responsible for managing all community college career and technical education programs through the State of Alabama.

9.     On or about August 1, 2019, the CTE department was removed from ACCS's workforce division and placed under ACCS's education division. On or about August 16, 2019,

2

Mr. Rousseau met with Jimmy H. Baker, ACCS Chancellor. In the meeting Chancellor Baker informed Mr. Rousseau that he was being reassigned from CTE and placed in the new Workforce Solutions department. Nonetheless, Mr. Rousseau's title of "director" remained the same and so did his salary. Chancellor Baker assured Mr. Rousseau that "letting [him] go" was never considered.

10.     Mr. Rousseau had no disciplinary issues while he was employed by ACCS, and there was no funding shortage for his position because it is funded by a federal grant. In addition, Mr. Rousseau was highly qualified for his position. He was the only ACCS director who was trained and certified to run NCCER and FAME programs. Further, Mr. Rousseau was also integral to the Workforce Solutions department's mission of supporting Governor Ivey's workforce initiatives as he assisted in formulating the Alabama WIOA plan and ran the Perkins program for the ACCS.

11.     Mr. Rousseau was replaced as director of CTE by his assistant director, Natalie English, an African-American female. Ms. English was selected for this position without going through the hiring process.

12.     Soon after her promotion and Mr. Rousseau's reassignment, Ms. English complained to Vice-Chancellor Susan Price, an African-American female, that Mr. Rousseau was inefficient and possessed poor leadership abilities. Ms. Price began asking very specific questions to Mr. Lynn about Mr. Rousseau's programs, but Mr. Rousseau was easily able to rebut those questions. It became clear that Ms. English was attempting to make Mr. Rousseau look bad. As a result, Ms. Price began nit-picking Mr. Rousseau's work. She began asking Mr. Rousseau about his projects and would often recommend an HBCU being involved, or would ask

3

why Mr. Rousseau had not included a specific HBCU in a project. In turn, Mr. Rousseau would point out all of the projects involving HBCUs.

13.    On October 7, 2019, ACCS presented Mr. Rousseau with a letter informing him that he was being placed on administrative leave through November 29, 2019, after which he would be terminated. At that time, ACCS failed to provide Mr. Rousseau with a reason for his administrative leave or termination, other than stating that he "an at-will employee" that "served at the pleasure of the Chancellor."

14.    Given Mr. Rousseau's commitment to his work and lack of prior disciplinary action, the termination was completely unexpected.

15.    ACCS later stated that it terminated Mr. Rousseau because he allowed changes in a contract without receiving authority from the legal or fiscal departments, or without receiving final approval from the Chancellor. Mr. Rousseau avers that ACCS's proffered reason for his termination is pretextual, because the changes in the contract were approved by Sara Calhoun, Executive Director of Fiscal Services. Nonetheless, although Ms. Calhoun approved the contract changes, she was not disciplined or terminated by ACCS, but Mr. Rousseau was terminated. Accordingly, Mr. Rousseau avers that he was subjected to illegal gender discrimination in violation of 42 U.S.C. § 2000(e), et seq.

16.    Prior to his termination, Mr. Rousseau was asked about "diversity in hiring" by Jeff Lynn, Vice Chancellor for Workforce and Economic Development, and was instructed that serious consideration should be given to a black female applicant if she was qualified for a position.

17.    Additionally, shortly before Mr. Rousseau's termination, there appeared to be concerns in ACCS about the Workforce Development Department being composed of mostly

white men.  This is further evidenced, as previously stated, in 2019 when Mr. Rousseau was removed from his position as Director of CTE to Workforce Solutions, and was replaced as Director of CTE by Natalie English, an African-American female, who served as Assistant Director.

18.     Through its actions, ACCS has engaged in race-based and gender-based decision making in employment, with its decisions adversely affecting Caucasian male employees. Further, ACCS's actions are consistent with a pattern and practice of race and gender discrimination against Caucasian males, including Mr. Rousseau.

19.     Based on the foregoing, Mr. Rousseau avers that he was subjected to illegal race discrimination and gender discrimination in violation of Title VII, 42 U.S.C. § 2000(e), when he was 1) removed from his position as Director of CTE and replaced by an African-American female, and 2) terminated from his position by ACCS.

20.     As a direct result of the discrimination practiced against him, Mr. Rousseau has lost valuable income and benefits and suffered damage to his professional reputation.   Mr. Rousseau has also suffered mental and emotional distress and incurred costs and attorney's fees.

### IV. PLAINTIFF'S CAUSES OF ACTION

### COUNT ONE - RACE DISCRIMINATION UNDER TITLE VII

21.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward him violated his right to be free of racial discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.).

22.     Mr. Rousseau, a Caucasian male, was subjected to illegal race discrimination, in violation of Title VII, 42 U.S.C. § 2000(e), when he was 1) removed from his position as

5

Director of CTE and replaced by an African-American, and 2) terminated from his position by ACCS. By removing and terminating Mr. Rousseau, ACCS engaged in race-based decision making in employment decisions.

23.     As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to his race, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 20 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

24.     Plaintiff avers that he has pursued and exhausted his administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a)     Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's race;

b)     An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of race discrimination, effective from the date of final judgment;

c)     An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d)     An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

e)     Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT TWO - GENDER DISCRIMINATION UNDER TITLE VII

25.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 20 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward him violated his right to be free of gender discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.).

26.     Mr. Rousseau, a male, was subjected to gender discrimination in violation of 42 U.S.C. § 2000(e) when was 1) removed from his position as Director of CTE and replaced by an female, and  2) purportedly terminated from his position for making changes to a contract, but a Sara Calhoun, a female employee, was not terminated, even though she signed off on changes to the contract.

27.     As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to his gender, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 20 above.  In addition, Plaintiff has suffered considerable mental and emotional anguish.

28.     Plaintiff avers that he has pursued and exhausted his administrative remedies.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a)      Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's gender;

b)      An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of gender discrimination, effective from the date of final judgment;

c)   An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d)   An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

e)   Such further, other and different relief as the Court may deem appropriate and necessary.

## V.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 10ᵗʰ day of June, 2020

Arthur Rousseau, Plaintiff

Chase Estes (ASB-1089-F44L)
Counsel for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
Telephone:  (334) 262-1911
Facsimile:  (334) 263-2321
cestes@msg-lawfirm.com

8